[Civil No. 403.   Filed January 25, 1894.]

[36 Pac. 214.]

## In re Application of EMIL SYDOW for a Writ of Habeas Corpus.

1. LICENSE—MERCHANTS—REV. STATS. ARIZ. 1887, PAR. 2239, SEC. 9, AS AMENDED BY ACT NO. 83, LAWS OF 1893, VOID IN PART, AS IN CONFLICT WITH THE CONSTITUTION OF THE UNITED STATES.—Act No. 83 of the laws of 1893, amending paragraph 2239, section 9, of the Revised Statutes of 1887, *supra,* providing for the collection of a license tax from "every person, firm, or corporation, who may deal in goods, wares, and merchandise, except in agricultural or horticultural products of this territory, when vended by the producer thereof, and except when sold by auctioneers or commission merchants, under the license or permission, according to law," is not in conflict with clause 1 of section 2 of article IV of the constitution of the United States, providing: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," nor with clause 3 of section 8 of article I of the constitution, providing: "The congress shall have power . . . (3) To regulate commerce with the foreign nations, and among the several states, and with the Indian tribes," except that portion which permits agricultural and horticultural products of this territory to be vended by the producer without a license, and an auctioneer or commission merchant to vend such products without being required to obtain a license in addition to his license as an auctioneer or commission merchant.

2. SAME—ACT VOID IN PART.—A license act may be void in part without rendering the whole act invalid.

3. SAME—RIGHT TO COMPLAIN OF TAX—RECORD MUST SHOW EXEMPTION.—Where the record fails to show that the applicant was dealing exclusively in the product of the privileged class, he cannot complain of imprisonment for failure to obey the License Act.

ORIGINAL APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion.

W. H. Barnes, and Allen R. English, for Petitioner.

Francis J. Heney, Attorney-General, for Territory.

ROUSE, J.—The petitioner was arrested on a warrant issued by James F. Duncan, a justice of the peace of Cochise

County, Arizona, on a complaint as follows: "That on or about the 1st day of December, A. D. 1893, in the county of Cochise, territory of Arizona, one Emil Sydow did then and there commit the crime of misdemeanor in this, to wit: The said Emil Sydow, being then and there a merchant dealing in goods, wares, and merchandise, which were not then and there the agricultural or horticultural products of this territory, and he not being then and there the producer of said goods, wares, and merchandise so dealt in, and sold by him as such merchant, and he not being an auctioneer or [commission] merchant, did conduct, transact, and carry on such business without first paying for or obtaining the lawful license therefor, as provided by law, and in violation of paragraph 2236 (sec. 6) title XLII of the Civil Code of the Revised Statutes of Arizona, and also act No. 83 of the Laws of 1893, of said territory, being an act to amend paragraph 2239 (sec. 9), title XLII of the Revised Statutes of said territory, and the said amendment thereof, and also in violation of paragraph 684 of the Penal Code of Arizona." To said complaint he pleaded not guilty, was tried thereon before said justice of the peace December 28, 1893, found guilty, and fined $20.60, and in default of payment of said fine was committed to the jail of Cochise County, in the custody of the sheriff of said county, by whom he is now detained in custody and restrained of his liberty. He now presents his petition for a writ of *habeas corpus.* He contends that his imprisonment is illegal, in this: That the said act No. 83 of the Laws of 1893 of the territory of Arizona is void, for the reason that it is in conflict with the provisions of article 4 (sec. 2, cl. 1) and of article 1 (sec. 8, cl. 3) of the constitution of the United States.

Title 42 of the Revised Statutes of Arizona imposes a license tax on certain occupations therein enumerated, and is general in that respect. Paragraph 2235 (sec. 5) thereof is as follows: "A license must be procured immediately before the commencement of any business or occupation liable to a license, from the sheriff of the county, where the applicant desires to transact the same, which license authorizes the party obtaining the same in his town, city, or particular locality in the county, to transact the business described in such license. . . ." Paragraph 2236 (sec. 6) thereof, which is referred to in the complaint, is as follows: "Whenever any person shall

violate the provisions of this act, by transacting any business whatever for which a license is required by the provisions of this act, he shall be deemed guilty of a misdemeanor, and on conviction, shall be fined in any sum not more that three hundred dollars. . . . That in default of the payment of the fine . . . the defendant shall be imprisoned in the county jail. . . ." Paragraph 2239 (sec. 9) thereof, also referred to in said complaint, is as follows: "All persons, liquor dealers and others, who shall sell or dispose of any wines or distilled or malt liquors, in quantities of two gallons and upwards, shall pay license taxes, as follows: First Class. Those whose quarterly sales amount to twenty-five thousand dollars and upwards, shall pay a tax of one hundred and twenty-five dollars per quarter. . . ." Paragraph 684 of the Penal Code, referred to in said complaint, is as follows: "Every person who commences or carries on any business, trade or profession, or calling for the transaction or carrying on of which a license is required by any law of this territory without taking out or procuring the license prescribed by such law . . . is guilty of a misdemeanor." Act No. 83 of the Laws of 1893 of the territory of Arizona, referred to in the complaint, is a substitute for paragraph 2239, and enacts, before that part of said paragraph above quoted, the following: "There shall be collected a quarter-yearly license tax from all persons and corporations engaged in the business, trade, or occupation in this act named, as follows: Merchants. Every person, firm, or corporation, who may deal in goods, wares, and merchandise, except in agricultural or horticultural products of this territory, when vended by the producer thereof, and except when sold by auctioneers or commission merchants, under the license or permission according to law, . . . shall pay, . . . license tax. . . ."

We repeat that paragraph 2239 (sec. 9) of the Revised Statutes was amended by act No. 83 of the Laws of 1893, by inserting that part last quoted before the words "liquor dealers and others," and it is that part of said act that petitioner contends is in conflict with the articles of the constitution of the United States referred to. Clause 1 of section 2 of article 4 of the constitution is as follows: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." And clause 3 of section 8 of article 1 of

the constitution is as follows: "The Congress shall have power: . . . (3) To regulate commerce with the foreign nations, and among the several states, and with the Indian tribes." The power to regulate commerce between the states, by the constitution of the United States, is vested in Congress. A state has not the right to pass a law imposing a tax directly upon the products of other states brought within its limits, nor can it impose a license upon dealers in such products which is not required of dealers in the same kind of products of domestic production or manufacture. *Welton* v. *State,* 91 U. S. 275; *Brown* v. *Maryland,* 12 Wheat. 425; *Woodruff* v. *Parkham,* 8 Wall. 123; *Hinson* v. *Lott,* Id. 148; *Brimmer* v. *Rebman,* 138 U. S. 78, 11 Sup. Ct. Rep. 213; *Webber* v. *Virginia,* 103 U. S. 344; *Guy* v. *Baltimore,* 100 U. S. 434; *Brown* v. *Houston,* 114 U. S. 622, 5 Sup. Ct. Rep. 1091. Such a law would discriminate injuriously against the products of other states and the rights of their citizens, and would therefore fetter commerce among the states, and deprive the citizens of other states of privileges and immunities to which they are entitled, and would be unconstitutional and void. But a state has the power to require licenses for the various pursuits and occupations carried on and conducted within her limits, and to fix the amount thereof, as she may choose, provided the rights above mentioned are not infringed. *Webber* v. *Virginia,* 103 U. S. 344; *Welton* v. *State,* 91 U. S. 275; Cooley on Taxation, p. 570. And it may license some occupations, and exempt others. Id. It will not be contended that any of the sections of the laws of Arizona referred to are in violation of the provisions of the constitution mentioned, or to any other provisions thereof, excepting the said act No. 83 of the Laws of 1893, *supra.*

Again we copy the part thereof containing that portion which the petitioner complains of: "Paragraph 2239 (sec. 9): There shall be collected a quarter-yearly license tax from all persons and corporations engaged in the business, trade or occupation in this act, named as follows: Merchants. Every person, firm or corporation, who may deal in goods, wares and merchandise, *except in agricultural or horticultural products of this territory, when vended by the producer thereof, and except when sold by auctioneers or commission merchants, under license or permission according to law,* . . . he or they

shall pay a . . . license tax." "Liquor dealers and others."
Only to that portion of said act which we have placed in
italics can an objection be urged. By it agricultural and hor-
ticultural products of this territory may be vended by the
producer thereof without a license; also, an auctioneer or
commission merchant may vend such products without being
required to obtain a license in addition to his license as an
auctioneer or commission merchant. If a citizen of another
state should bring to this territory the agricultural or horti-
cultural products of his own production, produced beyond the
limits of this territory, and be required to pay a license for
the privilege of vending them, said act would be a tax on such
productions, and be unconstitutional. But suppose, in addi-
tion to such productions, he should desire to vend any other
goods, wares, and merchandise. Could he do so without pay-
ing a license for the privilege of vending such other goods, for
the reason that the same law required a license on goods which
were exempt? If so, then the whole act would be void, and the
merchants of the territory would have the right to do busi-
ness without any license. But said act is not void or defective
in any other respect than that mentioned. It required a li-
cense from parties, as merchants, dealing in other goods,
wares, and merchandise, and as to that part the law is cer-
tainly valid. As we stated above, a state has the power to
require licenses for the various pursuits carried on and con-
ducted within her limits, and to fix the amount thereof as she
may choose. *Webber* v. *Virginia*, 103 U. S. 344; *Welton* v.
*State*, 91 U. S. 275; Cooley on Taxation, p. 570. And that it
may license some occupations and exempt others, and may
license dealers in one class of goods, wares, and merchandise
and not require a license from dealers in other classes. Id. p.
570 et seq. It does not appear from the record in this case
that petitioner was engaged exclusively in vending agricul-
tural or horticultural products which were not the production
of this territory. In fact, it does not appear from the record
what he was engaged in selling as a dealer. Before he could
be released, it would have to appear that he was not engaged
in vending anything as a merchant, excepting the products of
the privileged class. So far as we know from the record before
us, he may have been engaged in selling the commodities
usually vended by a saloon-keeper; or he may have been en-

gaged as a dry-goods or clothing merchant, or in hardware or agricultural implements, or in millinery goods or sewing-machines. Indeed, he may have been engaged in vending any of the wares enumerated, or in vending all of them, and they may all have been of the production of other states, or even of foreign countries. If so, he cannot complain, unless the whole of his goods were of the class exempted by the act in question. The record failing to show that petitioner was injuriously affected by the act referred to, the writ of *habeas corpus* is denied.

Sloan, J., and Hawkins, J., concur.

BAKER, C. J.—I concur in the result. The opinion would be precise if limited to a single point—namely, the petitioner does not show that he is a dealer in either agricultural or horticultural goods not the products of this territory. He fails, therefore, to show that he is injuriously affected. A law may be valid as to some classes of cases, and void as to others. It will not be held invalid upon the objection of one whose interests are not affected in the manner which the constitution forbids. Cooley on Constitutional Limitations, p. 218.